UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TEODORO J. GONZALEZ, | ) | CASE NO. 4:12 CV1274 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RODDIE RUSHING, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Teodoro J. Gonzalez's filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. §2241 on May 31, 2012 (ECF No. 1). Gonzalez is incarcerated in the Northeast Ohio Correctional Center in Youngstown, Ohio (N.E.O.C.C.) and names N.E.O.C.C. Warden Roddie Rushing as Respondent. He asserts he is entitled to additional credit against his federal sentence pursuant to 18 U.S.C. § 3585. For the reasons set forth below, this action is dismissed.

*Background*[1]

On December 15, 2005, Gonzalez was arrested in Southern Florida by the Federal Bureau of Investigation (FBI) and charged with possession of stolen property. *See United States*

---

[1] Because Gonzalez misstates some critical facts in his Petition the Court will only recite those facts corroborated by the docket in his criminal cases, or facts stated by the BOP which Gonzalez does not dispute.

*v. Gonzalez*, No. 1:05-cr-20946 (S.D. Fl. 2005). He was transported to the Metropolitan Detention Center (MDC) in Miami, Florida on the same date. Gonzalez remained at MDC Miami until December 23, 2005 when he was released on bond.

A Change of Plea Hearing was scheduled for February 6, 2006. Gonzalez failed to appear, however.[2] *See id*.(Doc. No. 23). Judge Federico A. Moreno then issued a warrant for Gonzalez's arrest. *Id.* (Doc. No. 24). An indictment was also filed date charging Gonzalez with Failure to Appear in violation of 18 U.S.C. §3146(a)(1). *See United States v. Gonzalez*, No. 1:06cr20103 (S.D. Fl. filed Feb. 16, 2006).

Gonzalez was arrested in the Dominican Republic on June 26, 2006. Four days later, he was brought before Chief Magistrate Judge Justo Arenas of the United States District Court of Puerto Rico pursuant to Federal Criminal Rule 5(a)(B), *United States v. Gonzalez*, No. 3:06mj0437 (D. P.R. filed June 30, 2006),[3] and held at the MDC Guaynabo until July 26, 2006. (Pet.'s Ex. A,

---

[2]Although Gonzalez states that "[o]n February 6, 2006, U.S. Marshal found [and] apprehended Petitioner in Dominican Republic to respond for the charges filed in the Southern District of Florida (Miami), . . ."(Pet. at 2), his criminal case docket refutes his statement. On February 8, 2006, the U.S. Attorney filed a Motion for Revocation and Estreature of Gonzalez's Appearance Bonds. *See Gonzalez*, No. 1:05cr20946 (Doc. No. 26). In support of its Motion, the United States declared, in part:

> 7 . The defendant, TEODORO JULIO GONZALEZ, has not honored the terms of the appearance bonds in that TEODORO JULIO GONZALEZ failed to appear for a Change of Plea
>
> 8 . An arrest warrant was issued and the defendant, TEODORO JULIO GONZALEZ, *remains a fugitive*, . . .

*Id.* (emphasis added). Judge Moreno granted the Motion and issued an Order revoking Gonzalez's bond on February 9, 2006. *Id.* (Doc. No. 28).

[3]The dockets for this case and Case No. 1:06cr20103 were reviewed through the Public
(continued...)

-2-

Letter of 11/18/11, from Watts to Gonzalez). The District Court of Puerto Rico issued an Order committing Gonzalez to the United States District Court for the Southern District of Florida. *See Gonzalez*, No. 1:06cr20103 (DocS.D. Fl. filed Feb. 16, 2006). He was then transported to MDC Miami for the disposition of his 2005 federal indictment and to face new charges regarding his failure to appear.

On August 10, 2006, Petitioner was expected to enter a guilty plea in Case No. 05cr20946, but instead chose to proceed to trial on October 16, 2006. *See Gonzalez*, No. 1:05cr20946 (Doc. No. 39). In the interim, Gonzalez pled guilty to violating 18 U.S.C. §3146(a)(1), *Failure to Appear*, on August 14, 2006. *See Gonzalez*, No. 1:06cr20103 (Doc. No. 13). Judge Moreno sentenced him to 21 months in prison for that offense on October 20, 2006. *Id.* (Doc. No. 17).

At a second Change of Plea hearing, held on November 7, 2006, Gonzalez pled guilty to unlawful possession. *See Gonzalez*, No. 1:05cr20946 (Doc. No. 56). Gonzalez was sentenced on January 20, 2007 to serve 96 months in prison on one count of the indictment, concurrent to the 21 month sentence Judge Moreno previously imposed in Case No. 1:06cr20103.[4]

---

[3](...continued)
Access to Court Electronic Records (PACER) service.

[4]The docket for Gonzalez's criminal case reads, as follows:

> JUDGMENT as to Teodoro Julio Gonzalez (1), **Count(s) 1**, 96 months (Sentence to run concurrent to the 21-month sentence imposed in Case No. 06-20103-CR-MORENO); Count(s) 2, 3, Dismissed . . .

*Gonzalez*, No. 1:05cr20946 (Doc. No. 64)(emphasis added). A review of the Judgment and Commitment, however, reveals that Gonzalez pleaded guilty to *Count 2* of the Indictment. Thus, it appears the docket entry is incorrect and that Gonzalez pleaded guilty to Count 2 of Case No.
(continued...)

On or about May 11, 2011, Gonzalez contacted the Records Office at N.E.O.C.C. to check the date of his scheduled release. The records revealed that he was not receiving credit for time he believed he spent in official custody before his federal sentences were imposed.

Gonzalez filed a Central Office Administrative Appeal on September 12, 2011 requesting an additional 100 days credit to his sentence pursuant to "18 U.S.C. §3568."[5] The appeal was denied by Harrell Watts, Administrator National Inmate Appeals, on November 18, 2011.[6] The Petition before this Court followed.

*Discussion*

Gonzalez asserts he is entitled to 100 days sentence credit, from October 20, 2006 until January 29, 2007, in accordance with 18 U.S.C. § 3585. The statute provides, in relevant part, that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). Gonzalez believes that the dates he provides qualify as 'official detention' because they reflect the period after he entered his guilty plea for failing to appear until the date before his sentence was imposed for possession of stolen property. Citing *United States v. Becak*, 954 F.2d 386, 388 (6th Cir. 1992)("credit shall be granted under section 3585 for 'official detention' under conditions equivalent to physical incarceration"), Gonzalez argues he was "officially detained" for the 100 days he was

---

[4](...continued)
1:05cr20946.

[5] After passage of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq*., Congress rewrote 18 U.S.C. § 3568 and recodified it at § 3585(b).

[6] On page 3 of his Petition, Gonzalez states that Mr. Watts denied his appeal on September 20, 2011. However, the response from Mr. Watts (Petitioner's Exhibit A) is dated November 18, 2011.

-4-

awaiting sentencing in both Case Nos. 1:05cr20946 and 1:06cr20103. Therefore, he asks this Court to order the BOP to credit 100 days to his sentence pursuant to 18 U.S.C. § 3585.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Gonzalez has not met his burden.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 addresses any petitioner's claim that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes claims seeking to challenge the execution or manner in which the petitioner's sentence is being served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)) The statute mandates that these petitions must be filed in the court having jurisdiction over the prisoner's custodian. *See* 28 U.S.C. § 2241.

This Court has personal jurisdiction over Petitioner's custodian, the warden at N.E.O.C.C. Thus, Petitioner's challenge to the execution of his sentence is properly filed in this Court.

*18 U.S.C. § 3585*

To compute a federal sentence, two separate issues must be considered. The first issue to determine is the commencement date of the federal sentence. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose.

The second issue comes into focus after a district court sentences a federal offender. At that time, the Attorney General, through the Bureau of Prisons (BOP), has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill its duty, the BOP must know how much of the sentence the offender has left to serve. Since offenders have a right to certain jail-time credit under § 3585(b), the Attorney General makes that determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C. § 3585(b).

Considering the sentences imposed by Judge Moreno, the BOP determined Gonzalez was not entitled to 100 days credit pursuant §3585. It noted that because Gonzalez's 96 months sentence was imposed on January 20, 2006, but ordered to run concurrently with the 21 month sentence imposed on October 20, 2006, the sentences commenced on two different dates. As such, BOP Program Statement 5880.28 required the BOP to treat his multiple terms of imprisonment as a single, aggregate term of imprisonment. Once Gonzalez's second sentence was imposed, the BOP

aggregated the two sentences to calculate a full prison term of 8 years, 3 months and 10days. This term includes sentence credit from the date Gonzalez was arrested for possession of stolen property on December 15, 2005 until his release on bond on December 23, 2005. In addition, Gonzalez was granted sentence credit from the date of his arrest in the Dominican Republic on June 26, 2006 until October 19, 2006, the day before he was sentenced for his failure to appear conviction. From this, the BOP concluded that it properly computed the federal sentence Gonzalez was ordered to serve. This Court agrees.

Evolved legal precedent instructs that credit against a federal sentence only attaches when a federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Once Judge Moreno imposed Gonzalez's 21 month sentence on October 20, 2006, Gonzalez was no longer held in "official detention." Between October 20, 2006 and January 29, 2007, Gonzalez was serving three months of his 21 month sentence. This period of incarceration does not reflect a time when Gonzalez was simply held in custody awaiting sentencing on his possession of stolen property conviction. There is no case law that characterizes a prison term as "official detention." Thus, once his 21 month sentence commenced in October 2006 Gonzalez was not being detained for the sole purpose of awaiting sentencing, but to complete service of an unexpired sentence.

Gonzalez suggests that the BOP should have used October 20, 2006 as the commencement date for both sentences Judge Moreno imposed. Simply because the sentences were ordered to be served concurrently, however, does not mean that the sentences commence on the same date. A concurrent sentence cannot commence before the date it is imposed. As several circuits have held

> Precedent ... confirms that a federal sentence made concurrent with a sentence already being served does not operate in a "fully concurrent" manner. Rather, the second sentence runs together with the remainder of the one then being served. In other words, when a sentence is ordered to be concurrent with a pre-existing sentence, it only means that the inmate does not have to fully complete the pre-existing sentence before starting to serve time on the newly imposed sentence.

*Shelvv v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir.1983)(citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir.1980) and *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir.1972)); *see Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir.2006)(federal sentence cannot commence prior to the date it is pronounced).

Moreover, as explained above, while Gonzalez was awaiting sentencing on his stolen property conviction, the service of his unexpired 21 month sentence was still being satisfied. To provide sentencing credit during that period would violate section 3585, which expressly prohibits the application of sentencing credit to more than one sentence. *See* 18 U.S.C. § 3585(b)(sentence credit is available "that has not been credited against another sentence.") As a consequence, Gonzalez received all the credit to which he was entitled under 18 U.S.C. § 3585.

*Conclusion*

The Petition for writ of habeas corpus is **dismissed** pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/Dan Aaron Polster   6/11/12
       DAN AARON POLSTER
       UNITED STATES DISTRICT JUDGE